UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK A. ROBINSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:09CV02089 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before me on petitioner Mark A. Robinson's motion, amended motion, and supplemental motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Robinson claims the government failed to comply with the Court's recommendation that Robinson receive adequate medical care and that he received ineffective assistance of counsel. For the reasons set out below the motion will be denied.

**I. Background**

On July 17, 2008, Robinson was charged with four counts of a six-count indictment. On April 23, 2009, Robinson pleaded guilty to count three of the indictment charging him with possession of cocaine with intent to distribute it, and during and in relation to that crime, discharging a firearm in furtherance of the crime in violation of 18 U.S.C. § 924(c)(1) and punishable under 18 U.S.C. § 924(c)(1)(A)(iii).

The Presentence Investigation Report ("PSR") determined that Robinson's guideline range as a career offender would be 262 to 327 months imprisonment. For a violation of 18 U.S.C. § 924(c)(1), the minimum term of imprisonment is ten years. See 18 U.S.C. §

924(c)(1)(A)(iii). In accordance with the plea agreement, and having found the statutory purposes of sentencing satisfied, I sentenced Robinson to 120 months of imprisonment, the minimum term under the statute.

Robinson did not file a direct appeal. Robinson filed a motion for relief under § 2255 on December 16, 2009, a motion to amend on December 28, 2009 and a motion to supplement on January 7, 2010. The motions to amend and supplement were granted.

## II. Grounds for Relief

In his motion, amended motion, and supplemental motion under 28 U.S.C. § 2255, Robinson raises the following grounds for relief:

(1) Robinson is receiving inadequate medical care; and

(2) Counsel was constitutionally ineffective for failing to present evidence at sentencing about his mental health, history of drug abuse, family history and molestation as a child.

## III. Analysis

### A. *An Evidentiary Hearing is not Warranted*

An evidentiary hearing need not be held if Robinson's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). For the reasons stated below, Robinson's allegations do not rise to the level that would require the Court to hold an evidentiary hearing. See Rogers v. United States, 1 F.3d 697 (8th Cir. 1993) (an evidentiary hearing is unwarranted where all necessary information can be found in the record).

### B. *28 U.S.C. § 2255 is not the Appropriate Process for Requesting Medical Care*

In his first ground for relief, Robinson alleges that the prison officials have failed to

provide him with adequate medical treatment. Specifically, he alleges that he has not received orthopedic shoes, adequate rehabilitation treatment, and he does not receive prescribed medication needed for nerve damage. However, Robinson does not allege that he has complied with the Bureau of Prisons ("BOP") complaint process.

The appropriate method for Robinson to request proper medical treatment is set out in 42 U.S.C. § 1997(e)(a), which governs civil suits regarding conditions of confinement. Under the Prison Litigation Reform Act, a prisoner must exhaust "such administrative remedies as are available" before bringing a civil action in federal court. 42 U.S.C. § 1997(e)(a). Exhaustion is required in "any suit challenging prison conditions, not just for suits under § 1983." Woodford v. Ngo, 548 U.S. 81, 85 (2006), citing Porter v. Nussle, 534 U.S. 516, 524 (2002).

The BOP's four-part administrative remedy program provides informal and formal review of any complaint which relates to any aspect of the inmate's confinement. 28 C.F.R. § 542.10 *et seq*. Under this process, inmates must first attempt resolution of their complaints informally by discussing the matter with a member of their Unit Team. 28 C.F.R. § 542.13. If the informal resolution fails to resolve the matter, the inmate may file a formal complaint with the Warden. 28 C.F.R. § 542.13. The inmate may then appeal the Warden's response to the Regional Director. 28 C.F.R. § 542.15. Finally, if the inmate is not satisfied with the regional response, he or she may file a national appeal with the Office of General Counsel in Washington DC. 28 C.F.R. § 542.15. The Appeal to the Office of the General Counsel is the final administrative appeal within the BOP system.

If administrative remedies are available, then they must be exhausted. Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000). Robinson's allegation that prison officials have denied him

adequate medical care clearly relate to an aspect of his confinement, and he has not initiated or completed the administrative appeal process required by 28 C.F.R. § 542.10 *et seq.* Because Robinson has failed to exhaust his administrative remedies under the Prison Litigation Reform Act, his first ground for relief will be denied.

C.  *Robinson's Counsel was not Ineffective*

Robinson also alleges that he received ineffective assistance of counsel because his attorney failed to present information at sentencing about his mental health, family history, history of drug abuse, and molestation as a child. Robinson claims that, as a result, I was unable to properly consider a downward departure from the Sentencing Guidelines.

The Sixth Amendment establishes the right of the criminally accused to have the assistance of counsel in his defense. The Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984), governs ineffective assistance of counsel claims under 28 U.S.C. § 2255. See Caban v. United States, 281 F.3d 778, 781 (8th Cir. 2002). For a defendant to prove that his counsel was ineffective, he must first show that counsel's performance was deficient. Strickland, 466 U.S. at 687. To do so, the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. Judicial scrutiny of an attorney's performance must be highly deferential, so the courts should employ a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. at 687. A defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In his affidavit, Robinson alleges that his counsel should have presented the following

facts at sentencing: (1) that Robinson was molested as a child; (2) that he grew up in a dysfunctional family; (3) that he grew up without a father; (4) that his mother used prostitution to support the family; and (5) his history of drug abuse.

Robinson's claim fails because this information about his mental health, history of drug abuse, family history, and molestation as a child was included in the PSR, and available for my consideration when imposing the sentence. At the sentencing hearing, I gave Robinson the opportunity to speak before I imposed the sentence. Robinson did not object to the PSR, nor did he request a downward departure. Because I actually considered the facts included in the PSR when determining Robinson's sentence, any alleged error by counsel did not prejudice Robinson. Moreover, Robinson suffered no prejudice because he was given the minimum mandatory sentence under the statute and could not have received a lower sentence. Because no downward departure was available, Robinson's ineffective assistance of counsel claim will be denied. See Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995) (the court need not address both prongs of Strickland if movant makes an insufficient showing on one of the prongs). Because Robinson's plea agreement and transcripts from his criminal case are not required to decide this case, Robinson's motion for copies will be denied. See United States v. Lewis, 605 F.2d 379, 379 (8th Cir. 1979) (citing United States v. MacCollom, 426 U.S. 317 (1976)). I will also deny Robinson's motion for appointment of counsel because, after considering the relevant factors,[1] I

---

[1]There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual

do not believe that the factual and legal issues involved are so complicated that the appointment of counsel is warranted.

Finally, as Robinson has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the motion, amended motion, and supplemental motion [#1, #7, #8] of Mark A. Robinson to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 are **DENIED**.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel [#2] is denied.

**IT IS FURTHER ORDERED** that the motion for copies [#17] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability as Robinson has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2010.

---

and legal issues presented by the action are complex.  See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.